UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENTUCKIANA MEDICAL CENTER, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 10-93039-BHL-11 |
| | ) | |

**AFFIDAVIT OF DAVID M. CANTOR ON
BEHALF OF SEILLER WATERMAN LLC AS PROPOSED
ATTORNEYS FOR DEBTOR-IN-POSSESSION
AND DISCLOSURE PURSUANT TO SECTION 329 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2016**

\* \* \* \* \* \* \*

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
| | ) SS. |
| COUNTY OF JEFFERSON | ) |

David M. Cantor, being duly sworn, deposes and says:

1.      I am an attorney at law duly admitted to practice before this Court and a member of the firm of SEILLER WATERMAN LLC ("SW"). My firm maintains an office for the practice of law at Meidinger Tower, 462 S. Fourth Street, Ste. 2200, Louisville, Kentucky 40202.

2.      Neither I, my law firm, any member of the firm, nor associate thereof, insofar as I have able to ascertain, has had or presently has any interest materially adverse to the Debtor's estate or its creditors by reason of any connection with Debtor, its creditors or any other party in interest in the above-captioned case, other that SW's periodic representation of SWH Supply Co. and Sysco Louisville, both of which are creditors of the Debtor herein. SW performed no services on behalf of either of these two creditors in relation to the Debtor. Further, for calendar year 2009, fees received from SWH Supply Co. represented 0.001% of gross revenues of SW and for calendar year

2010 to date 0.0002% of gross revenues.  For calendar year 2009, fees received from Sysco Louisville represented 0.0003% of gross revenues of SW and for calendar year 2010 to date 0.0006% of gross revenues.

3. In accordance with section 329(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 2016, SW hereby discloses that it has received from the Debtor, on account of services to be rendered in connection with this case, the sum of $60,000.00. Of this sum, $19,400.50 has been utilized for pre-petition services and expenses, for the Debtor, leaving $42,549.50 in the SW escrow account pending further order from the Court. No promises have been received by SW, any member, nor associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. SW has no agreement with any other entity to share with such entity any compensation received by the law firm in connection with this case.

4. Debtor has entered into an Attorney/Client Engagement Contract, a true and correct copy of which is annexed to the Application to Authorize Debtor in Possession to Retain and Employ Attorney *Nunc Pro Tunc* as Exhibit "A.".

5. To the best of my knowledge, SW is a "disinterested person" as that term is defined in ection 101(14) of the Bankruptcy Code as modified by Section 1107(b). By reason of the foregoing, I believe that SEILLER WATERMAN LLC is eligible for employment and retention by

2

Debtor pursuant to section 327 of the Bankruptcy Code and applicable Bankruptcy Rules.

|  |  |
|---|---|
|  | /s/ David M. Cantor |
|  | DAVID M. CANTOR, Affiant |

COMMONWEALTH OF KENTUCKY  )
                          ) SS.
COUNTY OF JEFFERSON        )

ACKNOWLEDGED, SUBSCRIBED AND SWORN to before me by David M. Cantor on September 22, 2009.

My commission expires: January 13, 2011 .

/s/ Rebecca Elliott
Notary Public, State at Large, Kentucky

G:\doc\DMC\Kentuckiana Medical Center, LLC\Pldgs\MotionRetainAtty.wpd