UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                         CHAPTER 11
   Kentuckiana Medical Center LLC        BANKRUPTCY NO. 10-93039-BHL-11
   Debtor

## MOTION FOR ADEQUATE PROTECTION PAYMENTS

\* \* \* \* \* \*

Comes the Movant, The Leasing Group, LLC, a creditor herein, by counsel, and states as follows:

1.       This contested matter relates to Bankruptcy Petition No. 10-93039-BHL-11 in the Bankruptcy Court for the Southern District of Indiana, New Albany Division, which Petition is a Chapter 11 proceeding, with the debtor being Kentuckiana Medical Center LLC (hereinafter KMC).

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1471 and 11 U.S.C. §365 (b) (1) (A).

3.       This Motion is made pursuant to Bankruptcy Rule 4001, and in conformity with Rule 9014.

4.       Movant's claims are based on three leases by the Debtor of equipment belonging to the Movant, which leases are true leases and thus executory contracts subject to protection under 11 U.S.C §365..

5.       Pursuant to 11 U.S.C. §363(e), the Court may prohibit or condition the use, sale or lease by the trustee of property as is necessary to provide adequate protection of such interest. This subsection applies to "property that is subject to any unexpired lease of personal property." Id. The property that Movant has leased to KMC is personal property, belonging to Movant, subject to an unexpired lease.

6.       Pursuant to 11 U.S.C. §1107, the debtor-in-possession has the rights and powers and shall perform all the duties of a trustee. No trustee has been appointed in this case. Thus 11 U.S.C §363(e) is applicable to KMC and Movant is a protected party thereunder. Additionally,

KMC has the absolute duty to timely perform all its obligations under the executory contracts noted below, first arising from or after 60 days after the order for relief in this case, until such leases are assumed or rejected, notwithstanding 11 U.S.C §503(b)(1). See 11 U.S.C §365 (d)(5). KMC has breached this duty.

7. On or about 6/23/09, the Debtor herein, KMC, leased Equipment (See Exhibit A) from Movant, as is evidenced by a true copy of the Commercial Lease Agreement (Lease XXX81) attached to the Proof of Claim filed in this bankruptcy. The monthly rental payment is $39,405.01 according to the terms of the lease.

8. The Debtor is in arrears in payments under Lease XXX81, and is currently indebted to Movant in the amount of $78,810.02 in pre-petition rental payments and $157,620.04 in post-petition rental payments. Debtor has thus breached the terms of the Lease, and is in default thereunder since the filing of the petition in Bankruptcy.

9. On or about 9/03/09, KMC leased Equipment (See Exhibit B) from Movant, as is evidenced by a true copy of the Commercial Lease Agreement (Lease XXX84) attached to the Proof of Claim filed in this bankruptcy. The monthly rental payment is $10,748.48 (effective October 3, 2010) according to the terms of the lease.

10. The Debtor is in arrears in payment under Lease XXX84, and is currently indebted to Movant in the amount of $14,331.30 in pre-petition rental payments and $42,993.92 in post-petition rental payments. Debtor has thus breached the terms of the Lease, and is in default thereunder since the filing of the petition in Bankruptcy.

11. On or about 6/23/09, the Debtor, KMC, leased Equipment (See Exhibit C) from Movant, as is evidenced by a true copy of the Commercial Lease Agreement (Lease XXX61) attached to the Proof of Claim filed in this bankruptcy. The monthly rental payment is $5,378.65 according to the terms of the lease.

12. The Debtor is in arrears in payment under Lease XXX61, and is currently indebted to Movant in the amount of $10,757.30 in pre-petition rental payments and $21,514.60 in post-petition rental payments (as of Jaunuary 20, 2011). Debtor has thus breached the terms of the Lease, and is in default thereunder since the filing of the petition in Bankruptcy.

Y3E ()/10-04648-0

13.     Debtor's representatives testified at the First Meeting of Creditors that KMC has possession of all of the leased equipment and that all of it is in good working order. It appears that the leased equipment is essential for their pending reorganization.

14.     The leases are subject to a controversy pending before this Court in Adversary Proceeding 10-59080. The leases are true leases that must be assumed or rejected. Nothing in this Motion for Adequate Protection Payments shall be construed as a concession as to the nature of the lease agreements with Movant. However, the pending determination of the nature of the leases should not impact the flow of payments to Movant.

15.     The Chapter 11 bankruptcy was filed on September 19, 2010. No Plan has been filed. A Motion to extend the time for filing a Plan has been filed. Meanwhile the leased equipment is depreciating without compensation to Movant.

16.     Movant reserves its right to to renotice the Motion for Adequate Protection payments such that Creditor may ask the Court to revisit the issue of adequate protection and amount thereof at a later date if a feasible plan is not approved within a reasonable amount of time.

17.     Movant further demands a priority administrative position as set out in 11 U.S.C. §503 for the arrearages and additional costs under the Leases occurring since the date of the filing of this petition; or in the alternative since 60 days after the filing of the petition for relief, pursuant to 11 U.S.C §365(d)(2) and 11 U.S.C §365(g)(1).

18.     In the alternative, Movant requests this Court to establish adequate protection payments in an amount sufficient to preserve Movant's position in the leased personal property, in an amount to be set by this Court or by agreement. Movant's pleading this alternative is not an admission nor shall it be used as such for any allegation made in the Adversary Proceeding referenced above.

WHEREFORE, the Movant respectfully requests the following relief:

1.     Due to the irreparable harm being suffered by this Movant, that an amount of monthly adequate protection payments be fixed to compensate Creditor for the continued use and depreciation of the leased equipment;

Y3E ()/10-04648-0

2. Due to the serious nature of this situation, that said payments commence as soon as possible, in view of the continuing depreciation of the collateral, in which collateral the Debtor has absolutely no equity, ownership having been retained by this leasing creditor;

3. That the use of the leased equipment subject to the unexpired executory contract with Movant be conditioned on the payment of monthly adequate protection payments;

4. That Movant's right to renotice the Motion for Adequate Protection payments is reserved such that Movant may ask the Court to revisit the issue of adequate protection and amount thereof at a later date if a feasible plan is not approved within a reasonable amount of time.

5. That Movant be granted a priority administrative expense status under 11 U.S.C. §503 and §507, for the aforesaid default, arrearages and costs which occur post-petition pursuant to 11 U.S.C §365(d)(2) and 11 U.S.C §365(g)(1);

6. Awarding Movant its reasonable attorney fees and court costs to be paid as a secured claim.

7. Any and all other relief to which this Movant shall appear entitled.

MAPOTHER & MAPOTHER, P.S.C.

BY:    /s/ Elizabeth B. Alphin
       Elizabeth B. Alphin
       Counsel for Movant
       MAPOTHER & MAPOTHER, P.S.C.
       815 West Market Street
       Suite 500
       Louisville, KY  40202
       (502)638-4961

Y3E ()/10-04648-0

**CERTIFICATE**

I hereby certify that the foregoing either has been sent electronically, or by first class mail to the persons listed: See Service List.

MAPOTHER & MAPOTHER, P.S.C.

BY:  /s/ Elizabeth B. Alphin
      Elizabeth B. Alphin
      Counsel for The Leasing Group, LLC
      MAPOTHER & MAPOTHER, P.S.C.
      815 West Market Street
      Suite 500
      Louisville, KY  40202
      (502)638-4961

UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                                  CHAPTER 11
       Kentuckiana Medical Center LLC        BANKRUPTCY NO. 10-93039-BHL-11
       Debtor

## NOTICE

\* \* \* \* \* \*

       PLEASE TAKE NOTICE that parties in interest shall have **fourteen (14) days from the date this Notice is served** to file an objection to the attached Motion for Adequate Protection Payments filed herein on behalf of The Leasing Group, LLC regarding property legally described as:

       Equipment: See attached Exhibit A; Exhibit B and Exhibit C

       Objections must be filed in writing with the Clerk's Office and served on the attorney for the moving party at the address listed below. If no objection is timely filed, an order may be entered by the Court for the relief requested.

### Certificate of Service

This is to certify that a true and accurate copy of this Motion for Adequate Protection Payments was served on all creditors and other parties in interest by placing a copy in the U.S. Mail on _____1-25-2011_____ at the addresses listed below or attached hereto.

Date: __1-25-2011_____          BY:     /s/ Elizabeth B. Alphin
                                                              Elizabeth B. Alphin
                                                              Counsel for Movant
                                                              MAPOTHER & MAPOTHER, P.S.C.
                                                              815 West Market Street
                                                              Suite 500
                                                             Louisville, KY 40202
                                                              (502)638-4961

U.S. Bankruptcy Court
New Albany Division
Southern District of Indiana
New Albany, IN

Y3E ()/10-04648-0

Debtor

Kentuckiana Medical Center LLC
4601 Medical Plaza Highway
Clarksville, Indiana  47129

Counsel for Debtor

David M. Cantor
Attorney at Law
462 4th Street, STE# 2200
Louisville, KY 40202

U.S. Trustee
Suite 1000, 101 W. Ohio
Indianapolis, IN  46204

Y3E ()/10-04648-0

**SERVICE LIST**

Kentuckiana Medical Center LLC
4601 Medical Plaza Highway
Clarksville IN 47129

David M. Cantor
Seiller Waterman LLC
Counsel for Kentuckiana Medical Center LLC
462 4th Street, Suite 2200
Louisville, KY 40202

Laura A DuVall
United States Trustee
101 West Ohio Street, Suite 1000
Indianapolis, IN 46204

Michael D. Hicks
Mullin Hoard & Brown, LLP
DivLend Equipment Leasing, LLC
P.O. Box 2585
Lubbock, TX 79408-2585

Mark J. Sandlin
Goldberg Simpson, PSC
First Tennessee Bank, National Association
9301 Dayflower Street
Louisville, KY 40059

3M
3807 Paysherer Cir
Chicago IL 60674

Aesculap Inc.
PO Box 512451
Philadelphia PA 19172-2451

Aramark Uniform Services
24434 Network Place
Chicago IL 60673

Beach Building
Attn: William Beach

7503 Skyline Drive
Floyds Knobs IN 47119

Biotronik Inc.
6024 Jean Rd.
Lake Oswego, OR 97035

Boston Scientific Corp
POB 951653
Dallas TX 75395

Cardinal Health Pharm
5042 Collection Ct. D
Chicago IL 60693

Cardiovascular Hospitals of America
c/o David L. Phillips Esq.
9350 E. 35th Street North Ste 104
Wichita, KS 67226

Cerner Corporation
POB 712702
Kansas City MO 64141

Endologix Inc.
11 Studebaker
Irvine CA 92618

Heme Management
8625 Oakmont Drive
Lincoln NE 68526

Intec Building Services
POB 18706
Louisville KY 40261

KMC Real Estate Investors LLC
250 E. Liberty St. Ste 101
Louisville KY 40202

Laboratory Corp of America Holding
POB 12140
Burlington NC 27216-2140

Medtronic USA Inc.
4642 Collection Ctr
Chicago IL 60693

Mustaque Junega MD
200 E. Chestnut St
Louisville KY 40202

Quest Diagnostics
POB 740709
Atlanta GA 30374

Seneca Medical Inc.
POB 636696
Cincinnati OH 45263

Siemens Medical Solutions USA Inc
PO Box 7777 W 3580
Philadelphia PA 19175

St. Jude Medical Inc.
22400 Network Place
Chicago IL 60673

[10-04648-0 Kentuckiana Medical Center LLC] Service List