UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Kentuckiana Medical Center, LLC ) | CASE NO. 10-93039-BHL-11 |
| ) | |
| ) | |
| Debtor. ) | |

**MOTION TO DISMISS CASE**

Nancy J. Gargula, United States Trustee, by Trial Attorney Laura A. DuVall, moves this Court to dismiss this case and in support thereof states:

1. Kentuckiana Medical Center, LLC (the "Debtor" or "KMC") commenced this case as a voluntary Chapter 11 on September 19, 2010.

2. Per the petition that the Debtor filed, the Debtor is not a "small business" as defined in 11 U.S.C. § 101(51D).

**Failure to Pay Fees to the United States Trustee**

3. Pursuant to 28 U.S.C. § 1930(a)(6), a debtor is required to pay a quarterly fee to the United States Trustee "until the case is converted or dismissed, whichever occurs first".

4. Upon information and belief, the Debtor has an obligation for 11 U.S.C. § 1930(a)(6) quarterly fees for the First (1st) Quarter of 2011 in the amount of $13,000. Those fees were due on or before April 30, 2011. As of the date of this motion, the outstanding fees owed have not been paid.

5. Pursuant to 11 U.S.C. § 1112(b)(4)(K), failure to pay any fees or charges required under chapter 123 of title 28 constitutes "cause" for dismissal or conversion.

6. The Debtor's failure to timely pay fees owed to the United States Trustee constitutes

cause for dismissal of the case.

## No Reasonable Likelihood of Reorganization

7.  Pursuant to 11 U.S.C. § 1112(b)(4)(A) the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" constitutes "cause" for dismissal or conversion.

8.  Debtor, since the date of filing, has continued to lose money. The Debtor's operating reports from the date of filing until March 31, 2011, indicate an operating loss of $5,397,188. Further, the Debtor has maintained that it is unable to operate profitably without an infusion of money to "fund the completion of the Hospital facilities" and continue to operate. See Debtor's Motion for Entry of an Order, Docket # 472 ("Motion to Incur Debt").

9.  This continued operating loss constitutes a substantial or continuing loss to or diminution of the estate.

10.  Although the Debtor has indicated that it is attempting to locate financing, the Debtor's estate exemplifies an "absence of a reasonable likelihood of rehabilitation."

11.  The Debtor has done nothing other than tell the Court and the parties what it wants to reorganize but has never provided specifics about what is necessary to accomplish its proposed reorganization. For example, the Debtor desires to obtain a capital infusion to complete the hospital facility, but Debtor has never advised the Court how much said completion would cost, how long the completion would take, and how Debtor would be able to continue operations during the build out.

12.  The Debtor's Motion to Incur Debt is a further attempt to delay what by all accounts seems to be the inevitable closure or sale of this facility. The Debtor has in the past indicated

that a significant amount of money would be needed for the hospital to build out the emergency room and remaining rooms.

13. The post-petition funding proposed by the letter of intent attached to the Motion to Incur Debt is just that a possible proposal that is being explored by the proposed lender. The Debtor is paying the proposed lender a fee to determine if financing will be approved. If post-petition funding is approved, the Debtor still has not explained how it would propose a plan of reorganization that would successfully reorganize the Debtor and allow for a dividend to unsecured creditors.

14. Given the continuing and significant diminution to the estate and the absence of a reasonable likelihood of rehabilitation, the United States Trustee believes that this case should be dismissed.

15. The United States Trustee acknowledges that Med One Capital Funding, LLC ("Med One") and the Official Committee of Unsecured Creditors ("Committee") have both filed motions to convert this case to Chapter 7. Docket #466 and #470. While the United States Trustee has considered those Motions, she believes that the basis for relief is not well supported. Neither moving party has clearly asserted what assets could possibly be liquidated to benefit unsecured creditors. It appears all assets in this case are fully encumbered and neither moving party has requested permission from the court to pursue any potential chapter 5 claims on behalf of the Debtor. Further, the United States Trustee believes that converting this case to a Chapter 7 would be unduly burdensome on a Chapter 7 Trustee. First, there would likely be limited or no funds available for a Chapter 7 Trustee to perform various duties that may be required. Further, a Chapter 7 Trustee would have significant statutory requirements in handling the Debtor's patient

records.  See 11 U.S.C. §351.  Accordingly, the United States Trustee does not believe it would be in the best interests of all creditors to convert this case to Chapter 7.

**WHEREFORE**, the United States Trustee requests the Court grant this Motion to Dismiss and such other relief as is just and proper.

        Respectfully submitted,

        NANCY J. GARGULA
        United States Trustee

        By:    /s/ Laura A. DuVall
                Laura A. DuVall
                Trial Attorney
                Office of the United States Trustee
                101 West Ohio St., Suite 1000
                Indianapolis, IN  46204
                T: 317-226-6101
                F: 317-226-6356
                laura.duvall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2011, a copy of the foregoing **MOTION TO DISMISS CASE** filed electronically. Notice of this filing will be sent to the following parties through the Court"s Electronic Case Filing System. Parties may access this filing through the Court"s system.

Christy J. Adams     christya@bornopp.com
Vincent Frank Alexander     VFA@kttlaw.com, lf@kttlaw.com
Elizabeth Alphin     loubknotices@mapother-atty.com
Neil C. Bordy     bordy@derbycitylaw.com, belliott@derbycitylaw.com; yeager@derbycitylaw.com; neukomm@derbycitylaw.com; mcghee@derbycitylaw.com; cebe@derbycitylaw.com
C. R. Bowles     crb@gdm.com, shm@gdm.com
John P Brice     lexbankruptcy@wyattfirm.com
Kayla D. Britton     kayla.britton@bakerd.com, patricia.moffit@bakerd.com
Michael V. Brodarick     mbrodarick@lloydmc.com
David M. Cantor     cantor@derbycitylaw.com, belliott@derbycitylaw.com; bates@derbycitylaw.com; neukomm@derbycitylaw.com; cebe@derbycitylaw.com; yeager@derbycitylaw.com; mcghee@derbycitylaw.com
Courtney Elaine Chilcote     cchilcote@hklawfirm.com, swatson@hklawfirm.com
Darrell William Clark     dclark@stinson.com, cscott@stinson.com
Rachele L. Cummins     rachele@smithcarpenterlaw.com
Danielle J Cunningham     danielle.cunningham@btlaw.com
Robert William DeWees     rdewees@mcclaindewees.com
Laura A DuVall     Laura.Duvall@usdoj.gov
Jeffrey M. Heller     jeffrey.heller@klgates.com, teresa.gomez@klgates.com
Michael D. Hicks     mhicks@mhba.com
Michael W. Hile     mhile@katzkorin.com, dyoung@katzkorin.com
Jeffrey A. Hokanson     jhokanson@hklawfirm.com, jwellner@hklawfirm.com
Jay Jaffe     jay.jaffe@bakerd.com, tracy.whitman@bakerd.com; sarah.herendeen@bakerd.com
Michael R Johnson     mjohnson@rqn.com, sglendening@rqn.com; docket@rqn.com
David Seth Kaplan     dkaplan@millerwells.com, chinkle@millerwells.com
David R. Langston     drl@mhba.com, memert@mhba.com
Thomas William Lawless     tomlawless@comcast.net
Michael W. McClain     mike@kentuckytrial.com; laura@kentuckytrial.com
Michael K. McCrory     mmccrory@btlaw.com, bankruptcyindy@btlaw.com
Carrie Elizabeth Mitchell     cmitchell@halperinlaw.net, dcohen@halperinlaw.net
James P Moloy     jmoloy@boselaw.com, dlingenfelter@boselaw.com; mwakefield@boselaw.com
Whitney L Mosby     wmosby@binghammchale.com, mmcclain@binghammchale.com
Charity B Neukomm     neukomm@derbycitylaw.com
Mark R. Owens     mowens@btlaw.com, mark.owens@btlaw.com; bankruptcyindy@btlaw.com
Emily L Pagorski     emily.pagorski@skofirm.com; emily.keith@skofirm.com
Wendy W Ponader     wendy.ponader@bakerd.com, sarah.herendeen@bakerd.com

Mark A. Robinson    mrobinson@vhrlaw.com, dalbers@vhrlaw.com
Herbert K. Ryder    hryder@daypitney.com, managingclerk@daypitney.com
Bradley Scott Salyer    bss@morganandpottinger.com,
louretailbankruptcy@morganandpottinger.com; plouretbkr@gmail.com
Mark J. Sandlin    msandlin@goldbergsimpson.com, ekearfott@goldbergsimpson.com
Thomas C Scherer    tscherer@binghammchale.com, mmcclain@binghammchale.com
Rodney Lee Scott    rscott@wthslaw.com
Ivana B. Shallcross    ibs@gdm.com
M. Andrew Stewart    astewart@mhba.com
Andrew D Stosberg    astosberg@lloydmc.com, bmarks@lloydmc.com
Sabrina L Streusand    streusand@streusandlandon.com, bateman@streusandlandon.com
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
Tyler R. Yeager    yeager@derbycitylaw.com, belliott@derbycitylaw.com; cebe@derbycitylaw.com
Scott A. Zuber    szuber@daypitney.com, managingclerk@daypitney.com

I further certify that on May 9, 2011, a copy of the foregoing **MOTION TO DISMISS CASE** was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

c/o Gregg S. Kleiner IDev Technologies, Inc.
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800

Kentuckiana Medical Center LLC
4601 Medical Plaza Highway
Clarksville, IN 47129

Robert Krist
Endologix Inc.
11 Studebaker
Irvine, CA 92618

/s/ Laura A. DuVall
Laura A. DuVall
Trial Attorney
Office of the United States Trustee
101 West Ohio Street, Suite 1000
Indianapolis, IN 46204
P: 317-226-6101
F: 317-226-6356
Laura.Duvall@usdoj.gov