UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                                )
                                                      )
KENTUCKIANA MEDICAL CENTER, LLC  )        CHAPTER 11
                                                      )
               Debtor                         )        CASE NO. 10-93039-BHL-11
_____)

### DEBTOR'S OBJECTION TO MED-ONE CAPITAL FUNDING, LLC's MOTION TO CONVERT TO CHAPTER 7
✳✳✳   ✳✳✳   ✳✳✳

Comes now the Debtor, Kentuckiana Medical Center, LLC (the "Debtor"), by counsel, and for its objection to Med-One Capital Funding, LLC's (Med-One) Motion to Convert to Chapter 7, states as follows:

1. It obviously is of no consequence the number of times Med-One has been informed that the Debtor's monthly reports are prepared on an accrual basis and thus, do not reflect the "real world" results of the Debtor's operations. The Court is well aware of this, but Med-One really has no material grounds to convert, thus it simply has to use what it can.

2. It has been approximately 8 ½ months since the Debtor filed its voluntary petition for relief under chapter 11. At the time of filing, the Debtor was servicing virtually none of its secured indebtedness and had two (2) in-patients. Currently, the Debtor is servicing *all* of its secured indebtedness and averages approximately twenty (20) patients daily and employs approximately 200 people.

Of course, one of the secured claims being paid is, indeed, Med-One. By order of this Court entered on March 18, 2011, the Debtor has been making monthly payments to Med-One ever since. One must wonder what Med-One's motivation is to have this case converted to chapter 7, wherein it will realize a fraction of what it will receive in this reorganization.

3. Obviously, every chapter 11 is different; many, such as this case, more complex than

others.  Yet, an inspection of various chapter 11's filed in this district over the last couple of years is telling.  For example, in the George's Concrete Pumping, Inc. chapter 11, a plan was filed after ten (10) months.  In the Richard Michael Stewart case, after twenty (20) months.  Below are a few more:

| | |
|---|---|
| Honey and Me, Inc. | approximately 12 months |
| Liffick Development Company, LLC | approximately 12 months |
| Linda Kay Kraus | approximately 10 months |
| Tradewinds Marine, Inc. | approximately 10 months |
| Universal Trucking, Inc. | approximately 12 months |
| JSW Rentals, Inc. | over 8 months |
| SRW Investments, LLC | over 8 months |
| DCR Transportation, LLC | approximately 9 months |
| 1st Carrier Corp. | over 15 months |
| First Health Care Group, LLC | approximately 10 months |
| Aqua Grill, Inc. | over 8 months |
| Incredible Kitchens & Baths, Inc. | approximately 10 months |
| Advantage Ceramics, Inc. | approximately 10 months |
| PCRE, LLC | over 12 months |
| Poolery Plus, Inc. | approximately 10 months |
| Coin operated Properties, L.L.C. | over 9 months |
| Arthur Gilt Farms, LLC | over 9 months |
| Casa Nostra, LLC | approximately 10 months |
| Mitchell industries, inc. | over 9 months |
| Tabor Group, LLC | approximately 10 months |
| The Pain Medicine and Lorch Rehabilitation Center, P.C. | approximately 10 months |

      COPCO, Inc.                                                   approximately 10 months

4.     Only recently, KMCREI filed for protection under chapter 11.  It, along with this Debtor, have filed pleadings evidencing the ability to borrow significant funds to complete the hospital, address all the secured claims (including Med-One) and successfully reorganize.  Thus, of course, numerical paragraph 13 of Med-One's motion simply is not true.

5.     In essence, Debtor has made significant progress, *in spite of* the obstruction and objections of Med-One and other parties in interest.  It certainly is not unreasonable to seek and be granted additional time to perfect a viable plan of reorganization.  On the other hand, it is totally unreasonable and groundless to convert this case to chapter 7, wherein secured creditors would receive liquidation values for their collateral, unsecured creditors would be *guaranteed* zero distribution, and that many more people will become unemployed.

                                    Respectfully submitted,

                                    /s/ David M. Cantor
                                  DAVID M. CANTOR
                                  NEIL C. BORDY
                                  CHARITY B. NEUKOMM
                                  TYLER R. YEAGER
                                  SEILLER WATERMAN LLC
                                  Meidinger Tower
                                  462 South Fourth Street, 22nd Floor
                                  Louisville, KY   40202
                                  Telephone: (502) 584-7400
                                  Facsimile: (502) 583-2100
                                  Email: cantor@derbycitylaw.com
                                  Email: bordy@derbycitylaw.com
                                  *Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2011, true and correct copies of the foregoing Debtor's Objection to Med-One Capital Funding, LLC's Motion to Convert to Chapter 7 was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and to all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

      /s/ David M. Cantor
      DAVID M. CANTOR

G:\doc\DMC\Kentuckiana Medical Center, LLC\Pldgs\Obj to Med-One Motion to Convert to Ch 7.wpd