UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KENTUCKIANA MEDICAL CENTER, LLC ) | CHAPTER 11 |
| ) | |
| Debtor ) | CASE NO. 10-93039-BHL-11 |
| ) | |

**DEBTOR'S OBJECTION TO MOTION TO DISMISS**
\* \* \*   \* \* \*   \* \* \*

Comes now the Debtor, Kentuckiana Medical Center, LLC (the "Debtor"), by counsel, and for its objection to the United States Trustee's Motion to Dismiss (the "Motion"), states as follows:

1. Debtor anticipates that as of the hearing date, June 2, 2011, its quarterly fees will be current.

2. The Debtor is an Indiana limited liability company and the operator of an acute care hospital located in Clarksville, Indiana (the "Hospital"). KMC offers a range of care including cardiovascular, oncology, urology, internal medicine and plastics within its 36-bed facility. As such, KMC is a "health care business" as that term is defined in § 101(27A). As of the date of this Motion, KMC employs approximately 200 individuals.

3. On October 7, 2010, the Court approved Debtor's retention of Timothy Donahue of VACO Resources, LLC as the Debtor's chief restructuring officer (the "CRO"). Since his employ, the CRO has served as the key decision-maker for the Debtor with respect to its operations during this reorganization and its efforts to achieve long-term sustainability.

4. Debtor continues to work diligently in its reorganization efforts to insure the long-term sustainability of the hospital and to maximize the return to its creditors. It is in the best interests of creditors for this Court to deny the Motion.

## ARGUMENT AND CITATION OF AUTHORITY

"Fundamental purposes of Chapter 11 also include maximizing the value of the estate for the benefit of all creditors, promoting equality of distribution among creditors, and avoiding piecemeal, preferential dismemberment of debtor's assets." In re Melendez Concrete, Inc., 2009 WL 2997920 at *4 (Bankr. New Mexico 2009), *citing*, In re Holley Garden Apartments, Ltd., 238 B.R. 488 at 494 (Bankr. M.D. Fla. 1999). Debtor is servicing all of its secured indebtdness. In addition, Debtor has evidenced its ability to borrow funds to complete the hospital which will have the effect of maximizing distributions to all creditors.

"A materiality standard should be applied when assessing whether cause exists under the enumerated grounds that constitute cause under §1112(b)(4). Not applying a materiality standard to the enumerated grounds would undermine the fundamental purposes of chapter 11." Id. at *5. Movant bears the burden to establish "cause" for dismissal. In re Gateway Access Solutions, Inc., 374 B.R. 556 (Bankr. M.D. Pa. 2007). Furthermore, dismissal is inappropriate under §1112(b)(4)(A) unless the movant shows the existence of "both conditions-loss or diminution of the estate and no reasonable likelihood of rehabilitation." In re Hyperion Foundation, Inc., 2009 WL 2477392 at *4 (Bankr. S.D. Miss. 2009), *quoting*, Norton Bankruptcy Law and Practice 2d §82:4 (2007).

1. **Movant has failed to show the existence of loss or diminution of the estate**.

> Obviously, if the debtor has a negative cash flow after entry of the order for relief in the chapter 11 case, the first of the two elements of section 1112(b)(1) is satisfied. Section 1112(b)(1) does not, however, specify that only cash losses are to be considered. Although the debtor may have a positive cash flow, the court should consider whether the debtor is suffering a loss by reason of actual depreciation in the value of the property of the estate. The continuing loss or diminution standard set forth in section 1112(b)(1) requires the court to consider depreciation of assets in the economic, rather than

2

> accounting sense. **A debtor which is operating at a loss according to generally accepted accounting principles may not fall within the "continuing loss" or "diminution of the estate" standards** if it can be established that the value of the debtor's assets is appreciating rather than depreciating.

In re Tolco Properties, Inc., 6 B.R. 482 (Bankr. E.D. Virginia 1980), *citing*, 5 Collier on Bankruptcy P 1112.03(2)(c)(i)(15th ed. 1979) **Emphasis Added**. It has been approximately 8 ½ months since the Debtor filed its voluntary petition for relief under chapter 11. At the time of filing, the Debtor was servicing virtually none of its secured indebtedness and had two (2) in-patients. Currently the Debtor is servicing *all* of its secured indebtedness and averages approximately twenty (20) patients daily and employs 200 people. Only recently, Debtor's affiliate entity, KMC Real Estate Investors, LLC ("KMCREI") filed for protection under chapter 11. It, along with this Debtor have filed pleadings evidencing the ability to borrow significant funds to complete the hospital, address all the secured claims and successfully reorganizing.

**2.   Movant has failed to show that Debtor has no reasonable likelihood of rehabilitation**.

"Rehabilitation does not merely equate to reorganization, or even the likelihood of confirming a Chapter 11 plan. Instead, in this context, the phrase rehabilitation means 'to put back in good condition; re-establish on a firm, sound basis'." In the Matter of Roan Valley, 2009 WL 6498188 at *3 (Bankr. N.D. Ga. 2009), *quoting*, In re Fall, 405 B.R. 863 at 868 (Bankr. N.D. Ohio 2008). "Rehabilitation 'contemplates the successful maintenance or reestablishment of the debtor's business operations'." Id., *quoting*, In re Vallambrosa Holdings, 419 B.R. 81 (Bankr. S.D. Ga. 2009). "[R]ehabilitation encompasses more than a mere liquidation under Chapter 11 although it is undisputed that such a liquidation plan under Chapter 11 is permissible." In re Tolco Properties, Inc., 6 B.R. 482 at 488 (Bankr. E.D. Virginia 1980). Debtor has made significant progress, *in spite of* the

obstruction and objections of parties in interest. It certainly is not unreasonable to seek and be granted additional time to perfect a viable plan of reorganization.

Wherefore, based upon the above and foregoing, Debtor respectfully requests that this Court deny the Trustee's Motion to Dismiss.

Respectfully submitted,

/s/ David M. Cantor
DAVID M. CANTOR
NEIL C. BORDY
CHARITY B. NEUKOMM
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower
462 South Fourth Street, 22nd Floor
Louisville, KY  40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
Email: cantor@derbycitylaw.com
Email: bordy@derbycitylaw.com
*Attorneys for Debtor*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2011, true and correct copies of the foregoing Debtor's Objection to Motion to Dismiss was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and to all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

                                      /s/ David M. Cantor
                                      DAVID M. CANTOR

G:\doc\DMC\Kentuckiana Medical Center, LLC\Pldgs\Obj to Trustee Motion to Dismiss.wpd