UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENTUCKIANA MEDICAL CENTER, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 10-93039-BHL-11 |
| | ) | |

**MOTION FOR THE COURT TO
CONDUCT A VIEW OF THE
KENTUCKIANA MEDICAL CENTER**

\* \* \* \* \* \*

Comes now the Debtor, Kentuckiana Medical Center, LLC, ("KMC"), by counsel, and moves the Court to conduct a view of the hospital in which the Debtor performs its services at 9:00 a.m. on Wednesday, July 13, 2011, immediately prior to the evidentiary hearing scheduled for 10:00 a.m. in the affiliated Chapter 11 case of KMC Real Estate Investments, LLC, case #11-90930-BHL-11. The grounds for this motion are as follows:

1.      A primary issue before the Court is the value of the hospital and thus will RL BB Financial, LLC ("Rialto") be adequately protected at such time that the Court approves a "priming loan," relegating Rialto to a second mortgage position.

2.      There is considerable authority under State law for a Court to conduct a "jury view" under circumstances where the jury, as a finder of fact, is called upon to determine issues such as the condition or feasibility of a facility.[1]

3.      Little, if any, Federal authority exists, yet, the Court in the instant case, as the trier of fact, will find it extremely useful to view the hospital in its ultimate determination of value, as well as other issues.  For example:

---

[1]See Indiana Jury Rule 25

a.      Rialto's appraiser states that the overall construction quality is "average." The Court should be able to supplement this finding with a physical inspection of the building;

b.      Rialto's appraisal is not premised on a "going-concern" value. The Court should be able to ascertain by its own inspection as to whether the hospital is a going concern.

c.      Rialto's appraisal is based solely on an "as is" basis, not a completed basis, for which a significant amount of newly borrowed funds will be utilized. It is important for the Court to witness the hospital in its current state and what improvements will be performed.

d.      Rialto's appraiser believes this relatively new hospital suffers from a "below-average" functionality due to an obsolete floor plan. The Court should inspect the facility so it will understand what this appraiser is testifying to.

e.      Other issues have been raised as to "evidence-based" design, which, according to Rialto's appraiser, is "an approach to healthcare facility design that strives to improve patient outcomes, safety and satisfaction, as well as staff retention and service efficiency. These include:

- Eliminating double-occupancy rooms and providing patients with private rooms that are acuity adaptable in order to meet their medical needs as they change during their stays. This helps to reduce infections and medical errors.
- Improve indoor air quality with well-designed ventilation systems and air filters to prevent nosocomial infection.
- Use sound-absorbing ceiling tiles and carpeting to reduce noise, which will lower stress for patients and staff alike.
- Provide better lighting and access to natural light to reduce stress and improve patient safety.
- Create pleasant, comfortable, and informative environments to relieve stress and promote satisfaction among patients, their families, and staff.
- Make hospitals easier and less stressful for patients and their families to navigate.
- Design improvements that help staff do their jobs.

It is important for the Court to view the facility in advance of the evidentiary hearing inasmuch as these issues will be testified to at the evidentiary hearing.  Representatives or counsel for the parties may be present at the view as well.

Wherefore, Debtor prays this Honorable Court will conduct a view of the hospital at 9:00 a.m. on Wednesday, July 13, 2011.

/s/ David M. Cantor
DAVID M. CANTOR
NEIL C. BORDY
CHARITY B. NEUKOMM
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: bordy@derbycitylaw.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2011, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee, and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

/s/ David M. Cantor
DAVID M. CANTOR

G:\doc\DMC\Kentuckiana Medical Center, LLC\Pldgs\Mot for Court to Conduct View of KMC.wpd