UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:

**KENTUCKIANA MEDICAL CENTER, LLC**            **CASE NO. 10-93039-BHL**

**DEBTORS**            **CHAPTER 11**

**MED ONE CAPITAL FUNDING, LLC'S NOTICE OF DEFAULT BY DEBTOR UNDER ADEQUATE PROTECTION ORDER AND MOTION FOR AN EXPEDITED SHOW CAUSE HEARING AGAINST THE DEBTOR**

Comes now Med One Capital Funding, LLC ("Med One"), by counsel, and hereby files its Notice of Default by Debtor under Adequate Protection Order and Motion for an Expedited Show Cause Hearing Against the Debtor, and in support thereof provides as follows:

1.  On November 2, 2010, Med One filed its Motion for Relief from the Automatic Stay and/or for Adequate Protection (Doc. No. 157) (the "Stay Relief Motion").

2.  On March 18, 2011, after a series of hearings on the Stay Relief Motion, the Court entered an Order on Motion for Relief from the Automatic Stay and/or for Adequate Protection with Respect to Med One (the "Adequate Protection Order"). The Adequate Protection Order, in part, directs the Debtor to make monthly Adequate Protection Payments to Med One on the thirtieth day of each month. (*See* Interim Adequate Protection Order, ¶ 7.) The Adequate Protection Order further provides that "upon Debtor's failure to make the Adequate Protection Payments within five (5) days of the date on which such payment is due . . . Med One may, at its option, file with the Court [a notice] setting forth the Debtor's default in payment." (Adequate Protection Order, p: 3.)

3.     **MED ONE HEREBY GIVES NOTICE** that on August 10, 2011, Med One's Vice President of Operation advised undersigned counsel that Med One had not received its July 2011 monthly Adequate Protection Payment, which was due from the Debtor by July 30, 2011.[1] The Debtor's failure to pay this past-due monthly Adequate Protection Payment is a default under the terms of the Adequate Protection Order.

4.     In the event of such default, "the the Court shall conduct a . . . hearing within five (5) business days of receipt of such written notice at which point the Debtor shall show cause regarding why the Court should not immediately terminate the automatic stay with respect to Med One and the collateral securing its claim.

5.     By this motion, the Debtor asks the Court to schedule an expedited show cause hearing against the Debtor on August 15, 2011 at 3:00 p.m. Eastern Time based on the foregoing reasons described herein.

WHEREFORE, Med One respectfully requests the Court to enter an order scheduling an expedited hearing on August 15, 2011 at 3:00 p.m. Eastern for the Debtor to show cause regarding why the Court should not immediately terminate the automatic stay with respect to Med One and the collateral securing its claim and (ii) grant any additional relief that is just and proper.

Respectfully submitted:

/s/ *Andrew D. Stosberg*
Andrew D. Stosberg
LLOYD & McDANIEL, PLC
11405 Park Road, Suite 200
P.O. Box 23200
Louisville, KY  40223-0200
(502) 585-1880
astosberg@lloydmc.com
*Counsel for Med One Capital Funding, LLC*

---

[1] A copy of an affidavit in support of such default can be provided as a supplement prior to or during any expedited show cause hearing against the Debtor on its default under the Adequate Protection Order to the extent.

2

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing was e-mailed via the Court's CM/ECF system on this 11th day of August, 2011 to all parties receiving notice in this case through the CM/ECF system, including counsel for the Debtors.

                                                          /s/ *Andrew D. Stosberg*
                                                         *Counsel for Med One Capital Funding, LLC*

F:\ATTORNEYS\ADS\Bankruptcy\Kentuckiana Medical Center - Med One Notice of Default.docx