UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KENTUCKIANA MEDICAL CENTER, LLC ) | CHAPTER 11 |
| ) | |
| Debtor ) | CASE NO. 10-93039-BHL-11 |
| ) | |

**EXPEDITED MOTION FOR AUTHORITY TO ENTER INTO
AN INSURANCE PREMIUM FINANCE AGREEMENT**

\* \* \*   \* \* \*   \* \* \*

Kentuckiana Medical Center, LLC (the "Debtor"), the above-captioned debtor in possession, by and through its undersigned counsel, hereby moves (the "Motion") the Court for authority (a) to enter into an Insurance Premium Finance Agreement (the "Agreement") with BankDirect Capital Finance, LLC ("BankDirect"), and (b) grant ICC a security interest, with priority over any and all administrative expenses of the kind specified in 11 U.S.C. §§ 503(b) or 507(b), in (1) all unearned or returned premiums which may become payable under the policies identified in the Agreement, and (2) loss payments, but only to the extent such loss payments reduce the unearned premiums and subject only to any mortgage or loss payee interest. Debtor further requests that, in the event that BankDirect must proceed against its collateral, any deficiency claim of BankDirect remaining also be afforded administrative priority under 11 U.S.C. § 364(c)(1). In support of this Motion, Debtor states as follows:

**I.  JURISDICTION**

1. This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Section 364 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorize the relief requested in this Motion.

## II.  BACKGROUND

3.      On September 19, 2010 (the "Petition Date"), Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, Debtor is continuing to generate revenues and manage its property as debtor in possession.

4.      As a condition to continue operating as a debtor in possession, the Office of the United States Trustee requires that all Chapter 11 debtors in this region maintain valid insurance coverage on all property maintained by the Debtor.

5.      Since the Petition Date, the Debtor has maintained a General/Professional Liability Policy (the "General Policy") carried by Continental Casualty Companies (the "Insurer").  The Policy was renewed on August 3, 2011.

6.      The Policy requires an annual premium payment of $118,326.00 (the "Premium").  The Debtor made a down payment of $54,009.75.

### Relief Requested

7.      It would have an adverse effect on Debtor's cash flow to pay the Premium in the ordinary course of its business.  Further, the Debtor has been unable, after reasonable efforts, to obtain unsecured credit for payment of same.

8.      The Debtor and its insurance broker, Robertson Insurance Agency, have investigated various companies that provide the type of financing proposed in the Agreement, and have

determined that BankDirect offers the most advantageous terms for the financing sought herein. A copy of the proposed Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

9. The Agreement requires the Debtor to make a down payment of $54,009.75, followed by ten (10) monthly payments in the amount of $6,677.32. The annual percentage rate is 8.25 percent and the total amount financed under the Agreement is $64,316.25, yielding a total obligation of $66,773.20. Debtor submits that the monthly payment obligations proposed under the Agreement will be within its operating budget.

10. As security for financing the Premium, Debtor has agreed to grant BankDirect a security interest in any and all unearned or returned premiums which may become payable under the Policy. Debtor further requests that, to the extent allowed by § 354(c)(1), BankDirect's security interest in such premiums be deemed senior to the rights of any person claiming a lien on or security interest in any assets of the Debtor.

11. As further security for financing the Premium, Debtor has agreed to grant BankDirect a security interest in any loss payment(s) arising under the Policy, but only to the extent such loss payment(s) would reduce the unearned premiums. Debtor further requests that BankDirect's security interest in such loss payments be deemed subject only to the interest of any mortgages or other loss payees.

12. In the event of a default by the Debtor in making the monthly payments under the Agreement, but subject to ten (10) days prior notice to Debtor and Debtor's right to cure, the Agreement allows BankDirect to cancel the Policy and apply to Debtor's account the unearned or returned premiums and, subject to the rights of loss payees, any loss payments which would reduce

the unearned premiums. As a condition precedent to extending the financing, BankDirect requires that it be permitted to exercise its rights under the Agreement in the event of any such default without moving for relief from the automatic stay and without further Order of this Court.

WHEREFORE, Debtor requests entry of an Order granting the relief requested herein and approving the financing set forth in the Agreement, setting a hearing on the Motion as soon as the Court's schedule allows, and granting any such other and further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Neil C. Bordy
DAVID M. CANTOR
NEIL C. BORDY
CHARITY B. NEUKOMM
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower - 22nd Floor
462 S. Fourth Street
Louisville, KY 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
E-mail: bordy@derbycitylaw.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

      It is hereby certified that on September 9, 2011, a true and correct copy of the foregoing Motion for Authority to Enter into an Insurance Premium Finance Agreement and Request for Expedited Hearing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to the Unsecured Creditors Committee and to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

                                            /s/ Neil C. Bordy
                                            NEIL C. BORDY

G:\doc\DMC\Kentuckiana Medical Center, LLC\Pldgs\Exp Mot 364 re Ins Premium 2.wpd