UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 10-93039-BHL-11 |
| KENTUCKIANA MEDICAL CENTER, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

## MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

RL BB Financial, LLC ("RL BB"), by and through undersigned counsel, pursuant to § 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code"), hereby requests allowance and payment by Kentuckiana Medical Center, LLC ("the Debtor") of an administrative expense claim for rent due. In support thereof, RL BB states as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

4. On September 19, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate its business and manage its affairs as Debtor and debtor-in-possession pursuant to Bankruptcy §§ 1107 and 1108.

6. The Debtor is the operator of a medical center.

7. Kentuckiana Medical Center Real Estate Investors ("KMCREI") owns certain real property located in Clark County, Indiana, commonly known as 4601 Medical Plaza Way, Clarksville, IN 47129, which is described in more detail as:

> Lot Two of Veteran's Village recorded in Instrument #200713000, Plat Book 14 at Page 79, in the Office of the Recorder of Clark County, Indiana

(the "Property").

8. Pursuant to a Lease Agreement dated as of February 27, 2007 (Exhibit [1]) and a Restated and Amended Lease Agreement dated as of June 21, 2007 (Exhibit [2]) (collectively, the "Lease"), KMCREI leased the Property to the Debtor. The Debtor operates its business at the Property.

9. The term of the Lease was 10 years commencing on or about October 1, 2008. The Lease required KMC to pay KMCREI monthly base rent in the amount of $300,000.00. This lease obligation is further evidenced by the Debtor's Bankruptcy Schedules.

10. The Debtor has not made any monthly rent payments since the Petition Date, resulting in unpaid post-petition rent of at least $3,300,000.00 ("Post-Petition Rent Obligation").

11. On June 21, 2007, KMCREI executed and delivered to Branch Banking and Trust Company ("BB&T") a Note (the "Note"), in the original principal sum of Twenty-One Million Five Hundred Thousand Dollars and Zero Cents ($21,500,000.00). Exhibit [3].

12. On June 21, 2007, to secure sums due under the Note, KMCREI executed and delivered to BB&T a Mortgage (the "Mortgage") on the Property. Exhibit [4]. The Mortgage was recorded on June 22, 2007, as Instrument No. 200713139, in the Office of the Recorded of Clark County, Indiana.

13. On June 21, 2007, to further secure sums due under the Note, KMCREI executed and delivered to BB&T an Assignment of Leases and Rents (the "Assignment of Leases"). Exhibit [5]. The Assignment of Leases was recorded on June 22, 2007, as Instrument No. 200713140, in the Office of the Recorder of Clark County, Indiana.

14. On June 21, 2007, to further secure sums due under the Note, KMCREI executed and delivered to BB&T a Security Agreement (the "Security Agreement"), granting BB&T a security interest in the personal property of KMCREI as more particularly described in the Security Agreement, including, but not limited to:

> All hospital equipment, machinery and supplies, including without implied limitation, magnetic resonance imaging and computerized axial tomography machines, furniture, fixtures, HVAC equipment, washers, dryers, dishwashers, appliances, computer, electronic media, data, records, books of account and any other equipment and any other type of personal property located on, in or about the Property, attached to the Property or used or useful in connection with the Property.

Exhibit [6] (the "Collateral").

15. BB&T perfected its lien on the Collateral by filing UCC Financing Statements (the "Financing Statements") with the Indiana Secretary of State, on June 22, 2007, as Instrument No. 200700006023000, and the Recorder of Clark County, Indiana, on June 22, 2007, as Instrument No. 5566. Exhibit [7].

16. The Note was assigned to RL BB by an Allonge. Exhibit [8].

17. The Mortgage was assigned to RL BB by an Assignment of Security Instrument dated September 30, 2010. Exhibit [9]. The Assignment of Security Interest was recorded January 12, 2011, as Instrument No. 201100667, in the Office of the Recorder of Clark County, Indiana.

18. The Assignment of Leases was assigned to Lender by an Assignment of Assignment of Leases and Rents dated September 20, 2010. Exhibit [10] (the "Assignment of Assignment of

Leases"). The Assignment of Assignment of Leases was recorded January 12, 2011 as Instrument No. 201100668, in the Office of the Recorder of Clark County, Indiana.

19. The Security Agreement and all other documents executed in connection with the Loan Documents were assigned to RL BB by an Assignment of Loan Documents dated September 30, 2010. Exhibit [11]. (The Assignment of Security Interest, Assignment of Assignment of Leases and Assignment of Loan Documents are collectively the "Assignments" and, together with the Note, Mortgage, Assignment of Leases, Security Agreement and Financing Statement are collectively the "Loan Documents")

20. RL BB is the current holder of the Loan Documents.

21. KMCREI is in default under the Loan Documents and RL BB was granted stay relief in the bankruptcy of KMCREI on July 27, 2011 (ECF No. 98 in Case No. 11-90930-BHL-11 in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division) to pursue its pending foreclosure action against the Property.

22. Under the Loan Documents, all monthly rent payments, including the Post-Petition Rent Obligation, were assigned by KMCREI to RL BB.

23. The Lease was deemed rejected by § 365(d)(4), when the Debtor failed to take any action to assume or reject the Lease (*See* Donahue Dep. 27: 24 – 28: 9, July 12, 2011) (relevant portions attached hereto as Exhibit [12]); yet, the Debtor continues to occupy the Property and operate its business without making monthly rent payments. Additionally, through the deposition testimony of Timothy J. Donahue taken on July 12, 2011, the Debtor acknowledged that the fair market value of a lease on the Property is $300,000.00 per month, the amount of monthly rent pursuant to the Lease. *See* Donahue Dep. 27: 13 – 23.

**Administrative Expense Under § 503(b)**

24. Bankruptcy Code § 503(b) states in pertinent part, that "[a]fter notice and a hearing, there shall be allowed administrative expenses … including – … the actual, necessary costs and expenses of preserving the estate." § 503(b)(1)(A). RL BB is entitled to payment of the Post-Petition Rent Obligation as an administrative expense of the Debtor's estate pursuant to § 503(b). *See In re Dena Corp.*, 312 B.R. 162 (Bankr. N.D. Ill. 2004) (lessor entitled to administrative claim for unpaid rent accruing postpetition); *see also In re Goody's Family Clothing, Inc.*, 401 B.R. 656, 666-67 (D. Del. 2009) (noting that when the debtor actually uses the leased property, the law is clear that the rent incurred is an allowable administrative expense, even though the lease is expired or was previously rejected).

25. The Post-Petition Rent Obligation arose from the Debtor's possession, control and use of the Property post-petition in order to conduct its business. The Debtor, and solely the Debtor, has remained in control of its business and operated as a debtor-in-possession pursuant to §§ 1108 and 1109.

26. The Debtor's estate has benefitted from such possession, control and use because otherwise it would not have been able to operate its business, the medical facility. The fact that the Lease was deemed rejected does not diminish the benefit provided to the Debtor's estate.

27. Thus, the Post-Petition Rent Obligation is an administrative expense of the Debtor's estate and the Debtor should be required to immediately pay RL BB's administrative claim.

WHEREFORE, RL BB Financial, LLC respectfully requests that this Court enter an order: (1) granting this Motion; (2) allowing the Post-Petition Rent Obligation of $3,300,000 owed to RL BB Financial, LLC's as an administrative expense; (3) requiring the Debtor to

immediately pay the Post-Petition Rent Obligation as an administrative expense; and (4) granting such other and further relief as this Court deems just and appropriate.

Dated:  September 12, 2011  Respectfully submitted,

/s/  James P. Moloy
James P. Moloy (Ind. #10301-49)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5000
(317) 684-5173 (FAX)
jmoloy@boselaw.com

David L. Rosendorf (Fla. #996823)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Miami, Florida  33134
(305) 372-1800
drosendorf@kttlaw.com

*Attorneys for RL BB Financial, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

Christy J. Adams
christya@bornopp.com

Vincent Frank Alexander
VFA@kttlaw.com, lf@kttlaw.com

Elizabeth Alphin
loubknotices@mapother-atty.com

Neil C. Bordy
bordy@derbycitylaw.com
belliott@derbycitylaw.com
yeager@derbycitylaw.com
neukomm@derbycitylaw.com

Darrell William Clark
dclark@stinson.com
cscott@stinson.com

Rachele L. Cummins
rachele@smithcarpenterlaw.com

Danielle J Cunningham
danielle.cunningham@btlaw.com

Robert Wharton Darnell
robert.darnell@usdoj.gov

4113.101/329872.2              6

mcghee@derbycitylaw.com
cebe@derbycitylaw.com

C. R. Bowles
crb@gdm.com, shm@gdm.com

John P Brice
lexbankruptcy@wyattfirm.com

Kayla D. Britton
kayla.britton@bakerd.com
patricia.moffit@bakerd.com

Michael V. Brodarick
mbrodarick@lloydmc.com

David M. Cantor
cantor@derbycitylaw.com
belliott@derbycitylaw.com
bates@derbycitylaw.com
neukomm@derbycitylaw.com
cebe@derbycitylaw.com
yeager@derbycitylaw.com
mcghee@derbycitylaw.com

Courtney Elaine Chilcote
cchilcote@hklawfirm.com
swatson@hklawfirm.com

David R. Langston
drl@mhba.com
memert@mhba.com

Thomas William Lawless
tomlawless@comcast.net

Michael W. McClain
mike@kentuckytrial.com
laura@kentuckytrial.com

Michael K. McCrory
mmccrory@btlaw.com
bankruptcyindy@btlaw.com

Robert William DeWees
rdewees@mcclaindewees.com

Laura A DuVall
Laura.Duvall@usdoj.gov

Jeffrey M. Heller
jeffrey.heller@klgates.com

Michael D. Hicks
mhicks@mhba.com

Michael W. Hile
mhile@katzkorin.com
dyoung@katzkorin.com

Jay Jaffe
jay.jaffe@bakerd.com
tracy.whitman@bakerd.com
sarah.herendeen@bakerd.com

Michael R Johnson
mjohnson@rqn.com
sglendening@rqn.com
docket@rqn.com

LeAnders L. Jones
ljones@fbtlaw.com

David Seth Kaplan
dkaplan@millerwells.com
chinkle@millerwells.com

Carrie Elizabeth Mitchell
cmitchell@halperinlaw.net
dcohen@halperinlaw.net

Whitney L Mosby
wmosby@binghammchale.com
mmcclain@binghammchale.com

Charity B Neukomm
neukomm@derbycitylaw.com

Mark R. Owens
mowens@btlaw.com
mark.owens@btlaw.com
bankruptcyindy@btlaw.com

Emily L Pagorski
emily.pagorski@skofirm.com
emily.keith@skofirm.com

Wendy W Ponader
wendy.ponader@bakerd.com
sarah.herendeen@bakerd.com

Mark A. Robinson
mrobinson@vhrlaw.com
dalbers@vhrlaw.com

Herbert K. Ryder
hryder@daypitney.com
managingclerk@daypitney.com

Bradley Scott Salyer
bss@morganandpottinger.com
louretailbankruptcy@morganandpottinger.com
mplouretbkr@gmail.com

Tyler R. Yeager
yeager@derbycitylaw.com
belliott@derbycitylaw.com
cebe@derbycitylaw.com

Mark J. Sandlin
msandlin@goldbergsimpson.com
ekearfott@goldbergsimpson.com

Thomas C Scherer
tscherer@binghammchale.com
mmcclain@binghammchale.com

Rodney Lee Scott
rscott@wthslaw.com

Ivana B. Shallcross
ibs@gdm.com

M. Andrew Stewart
astewart@mhba.com

Andrew D Stosberg
astosberg@lloydmc.com
bmarks@lloydmc.com

Sabrina L Streusand
streusand@slollp.com
bateman@slollp.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Scott A. Zuber
szuber@daypitney.com
managingclerk@daypitney.com

I further certify that on the 12th day of September, 2011, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

| | |
|---|---|
| c/o Gregg S. Kleiner<br>IDev Technologies, Inc.<br>Cooley LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800 | Kentuckiana Medical Center LLC<br>4601 Medical Plaza Highway<br>Clarksville, IN 47129 |
| Robert Krist<br>Endologix Inc.<br>11 Studebaker<br>Irvine, CA 92618 | |

/s/ *James P. Moloy*
James P. Moloy