**SO ORDERED: May 15, 2012.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| KENTUCKIANA MEDICAL CENTER, LLC, ) | CASE NO. 10-93039-BHL-11 |
|     Debtors. ) | |
| ) | |

**ORDER**

This matter comes before the Court on the **Motion for Allowance of Administrative Claim** filed by RL BB Financial, LLC ("Rialto") on September 12, 2011 [Docket # 631] and the Debtor's **Objection to Application for Payment of Administrative Expenses filed by RL BB Financial, LLC** which was filed on April 13, 2012. Rialto filed a Response to the Debtor's Objection on April 20, 2012, and the Debtor's Reply was filed on May 1, 2012.

A hearing was held on May 11, 2012, at which time the parties appeared by counsel and presented their arguments in support of their respective positions. The Court, having considered the foregoing, now makes the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. On September 19, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor, an operator of a medical facility, continues to operate its business and manage its affairs as Debtor and debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. Kentuckiana Medical Center Real Estate Investors ("KMCREI") owns certain real estate located in Clark County, Indiana, at 4601 Medical Plaza Way, Clarksville, IN 47129, more accurately described as Lot Two of Veteran's Village recorded in Instrument #200713000, Plat Book 14 at Page 79, in the Office of the Recorder of Clark County, Indiana (the "Property").

4. Pursuant to a Lease Agreement dated February 27, 2007, and a Restated and Amended Lease Agreement dated June 21, 2007 (collectively, the "Lease"), KMCREI leased the Property to the Debtor. The Debtor operates its business at the Property.

5. The term of the Lease was 10 years commencing on or about October 1, 2008. The Lease required the Debtor to pay KMCREI monthly base rent in the amount of $300,000.00.

6. On June 21, 2007, KMCREI executed and delivered to Branch Banking and Trust Company ("BB&T") a promissory note in the original principal sum of Twenty-One Million Five Hundred Thousand Dollars ($21,500,000.00) (the "Note").

7. On June 21, 2007, to secure sums due under the Note, KMCREI executed and

delivered to BB&T a Mortgage on the property (the "Mortgage"). The Mortgage was recorded on June 22, 2007, as Instrument No. 200713139, in the Office of the Recorder of Clark County, Indiana.

8. On June 21, 2007, to further secure sums due under the Note, KMCREI executed and delivered to BB&T an Assignment of Leases and Rents (the "Assignment of Leases"). The Assignment of Leases was recorded on June 22, 2007, as Instrument No. 200713140, in the Office of the Recorder of Clark County, Indiana.

9. The Note, Mortgage, and Assignment of Leases (collectively, the "Loan Documents") were assigned to Rialto in September of 2010.

10. On January 3, 2011, Rialto filed its Claim in an "unliquidated" amount and attached as a basis therefore, the Note, Mortgage, and Assignment of Leases.

11. KMCREI is in default under the terms of the Loan Documents.

12. The Lease was deemed rejected as of January 17, 2011 by § 365(d)(4), when the Debtor failed to take any action to assume or reject the Lease.

13. The Debtor has made no post-petition rent payments and continues, post-rejection, to occupy the Property and operate its business without making monthly rent payments.

14. KMCREI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 1, 2011.

15. Rialto was granted to stay relief in the bankruptcy of KMCREI on July 27, 2011 (Docket #98) to pursue its foreclosure action against KMCREI and its guarantors in the Clark County Circuit Court, Indiana, Case No. 10D02-1102-MF-79 (the "State

Court Action") but there has been, as yet, no final adjudication of rights.

16. KMCREI remains the sole owner of the Property and, as such, is the proper party to assert a claim for unpaid rents.

## Discussion

Rialto seeks an administrative claim pursuant to section 503(b) for unpaid rents which had been assigned to Rialto from KMCREI. The Debtor objects to the claim, alleging that such a claim belongs to KMCREI as the owner of the Property, not KMCREI's secured creditor, Rialto. The Debtor cites *In the Matter of Willows of Coventry, LTD.*, 154 B.R. 959 (Bankr. N.D. Ind. 1993) as support for its position. Rialto asserts that it stands in the shoes of KMCREI in order to protect its claim.

When asked to determine competing interests in unpaid rents, the *Willows* court found that an assignment of rents was a security device and, under Indiana law, treated as a mortgage. In that case the court concluded that rents generated by a Chapter 11 debtor's apartment complex were property of the bankruptcy estate by virtue of the debtor's continuing ownership interest in the rents after a state court receiver had been appointed, even though under Indiana law the receiver had the right to possession of both the rents and the real estate, stating:

> As a matter of Indiana law, the assignment of rents given to Travelers constituted nothing more than a security device. Its original character was not changed by debtor's subsequent default or Travelers' exercise of its right to proceed against its security. Despite the exercise of those rights, debtor remained the owner of the rents. Even the appointment of the receiver by the state court did not terminate debtor's interest as owner.

*Id.* at 965. The court, in its analysis, noted that bankruptcy law often alters the rights of the parties as they otherwise exist under state law. *Id.* (citing *United States v. Whiting Pools, Inc.*, 462 U.S.

198, 207, 103 S.Ct. 2309, 2314-15, 76 L.Ed.2d 515 (1983) (". . . all bankruptcy law. . . modifies the procedural rights available to creditors to protect and satisfy their liens").

In this case, Rialto protests that the claim will be lost if it is not allowed to assert it, since KMCREI has not advanced the claim. Section 501(b) of the Bankruptcy Code, however, specifically provides for such a scenario. That provision states that "[i]f a creditor does not timely file a proof of such creditor's claim, *an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim*" (emphasis added). Furthermore, Bankruptcy Rule 3004 states that "[i]f a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed [such Rule]." The Code, therefore, allows debtors and co-debtors the opportunity to assert non-filed claims, not creditors of creditors.

## Conclusions of Law

1. In Indiana, an Assignment of Leases is considered a mortgage. *In re Matter of Willows of Coventry, LTD.*, 154 B.R. 959 (Bankr.N.D.Ind. 1993).

2. Section 501(a) of the Bankruptcy Code provides that "[a] creditor or an indenture trustee may file a proof of claim. In the event that a creditor fails to file a timely proof of claim, subsection (b) provides that "an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim."

3. Rialto, as a secured creditor of KMCREI, the landlord and owner of the Property, has no authority to assert a claim which properly belongs to KMCREI.

Based upon the foregoing, the Court does **DENY** Rialto's **Motion for Allowance of Administrative Claim**.

### ###