UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENTUCKIANA MEDICAL CENTER, LLC, | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 10-93039-BHL-11 |
| | ) | |
| _____ | ) | |

**<u>APPLICATION OF PHYSICIANS PRIMARY CARE PLLC FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §
503(B)(1)</u>**

Physicians Primary Care PLLC ("PCP"), by counsel, files its Application for
Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §
503(B)(1) (the "Application").  By this Application, PCP seeks entry of an order allowing
an administrative expense claim as of the date of this Application in the amount of
$440,795.57, and ordering payment thereof.  In support of this Application, PCP states
the following:

**<u>BACKGROUND AND JURISDICTION</u>**

1.      This Court has jurisdiction over this Application and the relief requested
herein pursuant to 28 U.S.C. § 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and
1409.

4.      The statutory bases for the relief requested herein are 11 U.S.C. §
503(b)(1)(A) and 11 U.S.C. § 507 (a)(2).

5.      On September 19, 2010 (the "Petition Date"), Kentuckiana Medical Center, LLC (the "Debtor") filed its voluntary petition for relief pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108.

6.      Beginning post-petition and continuing through the date of this Application, PCP continues to provide "on-call" nurse practioners at Debtor's facility.  Said nurse practitioners are employees of PCP and have been, and continue to be, paid by PCP. As of the date of this Application[1], the Debtor owes an amount not less than Four Hundred Forty Thousand Seven Hundred Ninety-Five Dollars and Fifty-Seven Cents ($440,795.57) for services provided by PCP after the Petition Date (the "Unpaid Services") as well as monies advanced by PCP to Debtor to fund Debtor's operations ("Advanced Funds").  Attached hereto as **Exhibit A** is an accounting of Unpaid Services and Advanced Funds along with copies of checks evidencing Advanced Funds.

7.      As of the filing of this Application, PCP has not received payments on the Unpaid Services and/or Advanced Funds.

## RELIEF REQUESTED

8.      PCP requests that this Court enter an Order (1) granting PCP an allowed administrative expense claim in the amount of the Unpaid Services and Advanced Funds for post-petition amounts owed to PCP by the Debtor; (2) providing that the

---

[1] PCP anticipates filing additional application(s) for payment for services performed after the date of this Application to the extent that Debtor fails to remit payment for such services in the ordinary course of business.

2

allowed administrative expense claim be entitled to priority distribution pursuant to 11 U.S.C. § 507(a)(2) and (3) directing the Debtor to promptly pay the allowed administrative expense claim in the amount of $440,795.57 in accordance with the Bankruptcy Code and by no later than the time of payment of any other allowed administrative expense claims.

## BASIS FOR RELIEF

9.      Section 503(b)(1)(A) of the Bankruptcy Code provides for the allowance of administrative expenses, after notice and a hearing, for "the actual necessary costs and expenses of preserving the estate, including – (i) wages, salaries and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A).

10.     Section 507(a)(2) of the Bankruptcy Code affords priority to administrative expenses allowed under section 503(b) of the Bankruptcy Code.  11 U.S.C. § 507(a)(2).

11.     After the Petition Date, PCP has routinely provided "on-call" nurse practitioner services at the Debtor's facility.  PCP has not received any payment for the post-petition services rendered on behalf of the Debtor's estate.  The "on-call" services are an actual and necessary cost of preserving the Debtor's estate.  As a medical facility serving patients overnight, the Debtor requires the services of a nightly nurse practioner in order for the Debtor to operate its business.

12.     In addition, to assist Debtor in maintaining the operation of the facility, PCP advanced funds on several occasions to Debtor.

13.     For the foregoing reasons, PCP requests that it be granted an allowed administrative expense claim in the amount of $440,795.57 pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.   PCP further requests that the allowed

3

administrative expense claim receive priority distribution pursuant to Section 507(a)(2) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

14.    Nothing herein shall be construed as a waiver or limitation of the rights of PCP to pursue any and all claims it holds against the Debtor.  PCP expressly reserves its right to assert additional claims against the Debtor and its estate and to amend, modify or supplement this request.

WHEREFORE, PCP respectfully requests this Court to enter an Order (i) granting PCP an allowed § 503(b)(1)(A) administrative expense claim in the amount of $440,795.57, which claim is entitled to priority distribution pursuant to § 507(a)(2) of the Bankruptcy Code; (ii) directing the Debtor to promptly pay the allowed administrative expense claim amount of $440,795.57 in accordance with the Bankruptcy Code and by no later than the time of payment of any other allowed administrative expense claims, and (iii) granting such other relief as is just and proper.

Respectfully submitted,


 /s/ Michael W. McClain
Michael W. McClain
Indiana Bar No. 22464-49
BALLINGER MCCLAIN, PLLC
9720 Park Plaza Avenue, Suite 102
Louisville, KY 40241
Phone:  (502) 426-3215
Fax:     (502) 426-3216
mike@kentuckytrial.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2013, a true and correct copy of the foregoing was mailed electronically through the U.S. Bankruptcy Court's ECF System at the electronic addresses as set forth in the ECF System to the U.S. Trustee and all other persons receiving electronic notifications in this case.

/s/ Michael W. McClain
Michael W. McClain

5