UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                          )
                                                )
KENTUCKIANA MEDICAL CENTER, LLC,                )        CHAPTER 11
                                                )
                    Debtor                      )        CASE NO. 10-93039-BHL-11
                                                )
_____)

## MOTION TO COMPEL TRANSFER OF CLAIM

Falcon Investments, LLC ("Falcon"), Jeffrey Campbell ("Campbell"), Charles Oates ("Oates"), John Rumisek ("Rumisek"), Chris Stavens ("Stavens") and Eli Hallal ("Hallal") (collectively, the "Movants"), by counsel and pursuant to 11 U.S.C. § 105(a) and Rule 9014 of the Federal Rules of Bankruptcy Procedure, move the Court to compel Steris Corporation to transfer its proof of claim (Claim No. 103) to Falcon. As grounds for this Motion, the Movants state as follows:

1.      Steris is a secured creditor of Debtor, Kentuckiana Medical Center, LLC ("KMC") as a result of its agreement to provide secured financing of certain equipment purchased by KMC. In addition to taking a security interest in KMC's equipment, Steris also obtained a guarantee of payment of the underlying debt by certain of KMC's investors, namely Campbell, Oates, Rumisek, Stavens, Hallal, Mio Stikovac

("Stikovac"), Robert Karman ("Karman") and David Berry ("Berry") (collectively, the "Guarantors").

2.  On December 30, 2010, Steris filed its proof of claim (Claim No. 103), to which there has been no objection.

3.  In connection with KMC's Chapter 11 case, Steris filed lawsuits in the Jefferson (Kentucky) Circuit Court (Civil Action No. 10-CI-07119) and the Clark (Indiana) Superior Court (Civil Action No. 10D02-1010-CC02089) against the Guarantors to recover from them the amount owing by KMC.

4.  Steris obtained agreed judgments (collectively, the "Judgment") against the Guarantors, and on or about October 25, 2011, the Guarantors entered into a Second Settlement Agreement (the "Settlement Agreement") with Steris to resolve the Judgment.

5.  Under the terms of the Settlement Agreement, in exchange for Steris's agreement to transfer its Claim to the Guarantors, the Guarantors agreed to pay the settlement payments to Steris as set forth in the Settlement Agreement.

6.  Subsequent to execution of the Settlement Agreement and before any of the Guarantors paid any money toward the Judgment, Falcon stepped in to pay the purchase price to Steris in exchange for an assignment of the Claim by the Guarantors. As a result, Falcon is entitled to have Steris's claim assigned to it.

7.  Subsequent to the consummation of the Settlement Agreement, Stikovac and Karman each filed Chapter 7 bankruptcy cases, and Berry died. The remaining Guarantors have executed an assignment of the Steris Claim to Falcon. However, neither Stikovac, Karman nor Berry ever executed an assignment of the Steris Claim.

8.      Steris now refuses to transfer its claim to Falcon, though Falcon has paid the settlement to Steris in full, because Stikovac, Karman and Berry neglected to execute an assignment of the claim.

9.      Because none of the Guarantors ever paid any consideration toward the settlement, the Movants do not believe an assignment of the claim, fully executed by the Guarantors, is necessary. Because the Steris claim did not constitute an asset of any of the Guarantors, the Movants request the Court to enter the attached Order compelling Steris to forthwith assign the Claim directly to Falcon as the true party in interest.

WHEREFORE, the Movants respectfully request that the motion be granted, that Steris be ordered to transfer its claim to Falcon, and for all other relief to which the Movants may be entitled.

Respectfully submitted,

/s/ Michael W. McClain
Michael W. McClain
McClain DeWees, PLLC
6008 Brownsboro Park Blvd., Ste. H
Louisville, KY 40207
Phone: (502) 749-2388
Fax: (888) 779-7428
mmcclain@mcclaindewees.com
Counsel for Falcon Investments, LLC,
Jeffrey Campbell, Charles Oates, John
Rumisek, Chris Stavens and Eli Hallal

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, a true and correct copy of the foregoing

Motion was mailed electronically through the U.S. Bankruptcy Court's ECF System at

the electronic addresses as set forth in the ECF System, to the U.S. Trustee, and all

other persons receiving electronic notifications in this case.

/s/ Michael W. McClain
Michael W. McClain